|  |  |
|---|---|
| DOMINIC MOODY,<br><br>            Plaintiff,<br><br>     v.<br><br>STEVEN PAUL,<br><br>            Defendant. | Case No.  1:23-cv-01541-EPG (PC)<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR FILING A FALSE IFP AFFIDAVIT<br><br>(ECF No. 2)<br><br><u>RESPONSE DUE BY NO LATER THAN NOVEMBER 20, 2023</u> |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Plaintiff Dominic Moody is a *pro se* prisoner in this civil rights action filed under 42 U.S.C. § 1983 on October 31, 2023.[1] (ECF No. 1). This case is before the Court on Plaintiff's application to proceed *in forma pauperis* (IFP) also filed on October 31, 2023. (ECF No. 2). For the reasons given below, the Court will require Plaintiff to show cause why this case should not be dismissed for filing a false IFP affidavit.

The Court normally requires a $402 filing fee for a civil action. However, a federal statute, 28 U.S.C. § 1915, permits a plaintiff to commence a lawsuit without prepaying a filing fee. This statute requires "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." § 1915(a)(1). In addition to filing an affidavit, a prisoner "shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately

---

[1] Plaintiff's complaint is dated October 25, 2023.

1

preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." § 1915(a)(2). Importantly, under § 1915(e)(2)(A), a "court shall dismiss" a case if it determines that "the allegation of poverty is untrue." But "[t]o dismiss [a] complaint pursuant to § 1915(e)(2), a showing of bad faith is required, not merely inaccuracy." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 n. 8 (9th Cir. 2015).

With these standards in mind, the Court notes that Plaintiff filed the standard IFP application, which includes a declaration signed by Plaintiff answering questions about his finances under penalty of perjury.[2] Importantly, Plaintiff stated that (1) he received no money from any source over the last twelve months; and (2) that he had no cash or any other assets. (ECF No. 2).

However, according to Plaintiff's trust account statement, the information in his IFP application is false. (ECF No. 5). Among other things, the statement, which shows transactions from May 1, 2023, to October 28, 2023, shows that (1) Plaintiff routinely received deposits in his account; (2) he at times had over the $402 filing fee in his account; and (3) that he had an account balance of $227.04 as of October 19, 2023 (the last date on the statement before he signed his IFP application). Further, the Court notes that Plaintiff spent $216.65 from his account on October 11, 2023—two weeks before he dated his IFP application—on unspecified sales, which brought his account balance down from $443.99 to $227.34.

From these facts, it appears that Plaintiff intentionally made false statements on his IFP affidavit by claiming that he received no money in the last twelve months and had no funds.

Based on these circumstances, IT IS ORDERED as follows:

1. By no later than November 20, 2023, Plaintiff shall file a response to this order, showing cause why this case should not be dismissed for filing a false IFP affidavit.

\\\
\\\
\\\
\\\

---

[2] While filed on the docket on October 31, 2023, the IFP application is dated October 25, 2023.

2. If Plaintiff fails to timely respond to this order, he is advised that this case may be dismissed without further warning.

IT IS SO ORDERED.

Dated: **November 3, 2023**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE