UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIC MOODY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>STEVEN PAUL,<br><br>　　　　　　Defendant. | Case No.   1:23-cv-01541-NODJ-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S IFP APPLICATION BE DENIED FOR FILING A FALSE IFP AFFIDAVIT<br><br>(ECF No. 2)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS |

Plaintiff Dominic Moody is a *pro se* prisoner in this civil rights action. This matter is before the Court on Plaintiff's application to proceed *in forma pauperis* (IFP). (ECF No. 2). For the reasons given below, the Court recommends that Plaintiff's IFP application be denied for filing a false IFP affidavit.

**I.　BACKGROUND**

Plaintiff filed this case pursuant to 42 U.S.C. § 1983 on October 31, 2023, with a complaint dated October 25, 2023. (ECF No. 1). Plaintiff filed an IFP application (which included an affidavit) also dated October 25, 2023. (ECF No. 2). Importantly, Plaintiff stated that (1) he received no money from any source over the last twelve months; and (2) that he had no cash or any other assets. (ECF No. 2).

However, according to Plaintiff's trust account statement, the information in his IFP application is false. (ECF No. 5). Among other things, the statement, which lists transactions from

1

May 1, 2023, to October 28, 2023, shows that (1) Plaintiff routinely received deposits in his account; (2) he at times had over the formerly $402[1] filing fee in his account; and (3) that he had an account balance of $227.04 as of October 19, 2023 (the last date on the statement before he signed his IFP application). However, Plaintiff spent $216.65 from his account on October 11, 2023—two weeks before he dated his IFP application—on unspecified sales, which brought his account balance down from $443.99 to $227.34.

Noting that it appeared that Plaintiff intentionally made false statements on his IFP affidavit, the Court ordered Plaintiff to show cause why this case should not be dismissed for filing a false IFP affidavit. (ECF No. 6). On November 13, 2023, Plaintiff filed declaration stating that (1) he was not currently employed nor had he been employed from July 2022 to November 2023; (2) that his last date of employment was May 2022; (3) that he depends on his mother for support while he is in prison; (4) that he has no cash or other assets; and (5) that his case should not be dismissed because he has proof regarding his claim. (ECF No. 7).

## II. ANALYSIS

The Court normally requires a filing fee paid in full to proceed in a civil action. However, a federal statute, 28 U.S.C. § 1915, permits a plaintiff to commence a lawsuit without prepaying a filing fee. This statute requires "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." § 1915(a)(1). In addition to filing an affidavit, a prisoner "shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." § 1915(a)(2).

Importantly, under § 1915(e)(2)(A), a "court shall dismiss" a case if it determines that "the allegation of poverty is untrue." But "[t]o dismiss [a] complaint pursuant to § 1915(e)(2), a showing of bad faith is required, not merely inaccuracy." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 n. 8 (9th Cir. 2015). "[C]ourts routinely dismiss with prejudice cases upon finding that the plaintiff has intentionally withheld information that may have disqualified plaintiff from obtaining IFP status or has otherwise manipulated his finances to make it appear that a plaintiff is

---

[1] The Court's filing fee recently increased to $405 during the pendency of this case.

2

poorer than he actually is; i.e., where the facts show that the inaccuracy on the IFP application resulted from the plaintiff's bad faith." *Witkin v. Lee*, No. 2:17-CV-0232-JAM-EFB P, 2020 WL 2512383, at *3 (E.D. Cal. May 15, 2020), *report and recommendation adopted*, No. 2020 WL 4350094 (E.D. Cal. July 29, 2020).

With these standards in mind, the Court concludes that Plaintiff's allegation of poverty is untrue. Specifically, Plaintiff claimed to (1) receive no funds from any source from the last twelve months and (2) have no cash or other assets. (ECF No. 2). But according to Plaintiff's trust account statement, which Plaintiff does not contest the accuracy of, Plaintiff received routine deposits, *e.g.*, $100 on May 6, 2023; $240 on June 3, 2023; $100 on July 4, 2023; $50 on August 2, 2023; $220 on September 19, 2023; and $120 on October 8, 2023. And Plaintiff now admits in his declaration that he receives funds from his mother. (ECF No. 7, p. 2).

While Plaintiff continues to claim that he has no assets, this assertion is false for purposes of the relevant time at issue here. (*Id.*). Plaintiff had $227.04 as of October 19, 2023, which is the last date on the statement before he signed his IFP application. However, he spent $216.65 from his account on October 11, 2023—two weeks before he dated his IFP application—on unspecified sales, which brought his account balance down from $443.99 to $227.34. Had he not spent this money, he could have paid the full filing fee. But even setting his expenditure aside, he still had funds at the time he filed his IFP application.

Having determined that the allegations in the affidavit are untrue, the Court considers whether Plaintiff acted in bad faith. Here, Plaintiff represented that he received no funds from any source, but now admits that he receives support from his mother. Moreover, although he stated that he had no assets, he had enough money to pay the filing fee shortly before filing his complaint, but he spent the money in what appears to be an attempt to avoid paying the filing fee. Other courts have found bad faith where "prisoner-plaintiffs have diverted funds in the period leading up to their IFP application." *Witkin v. Lee*, 2020 WL 2512383, at *4. Moreover, despite the Court giving Plaintiff a chance to explain his false statements, he has provided no satisfactory explanation, and in fact continues to falsely claim that he has no cash or other assets. Even setting aside Plaintiff's expenditure of over $200 shortly before filing this complaint, he still had a balance of $227.04 when he submitted his IFP application.

Nevertheless, and while it is within the Court's discretion to dismiss this case with prejudice based on the authority noted above, the Court will stop short of recommending the harshest sanction in this case. Instead, the Court will recommend that Plaintiff be required to pay the filing fee in full should he wish to proceed with this case.

## III.     CONCLUSION AND RECOMMENDATIONS

Because Plaintiff's allegation of poverty is untrue and because circumstances indicate that Plaintiff acted in bad faith to avoid paying the filing fee, IT IS RECOMMENDED as follows:

1. Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) be denied; and
2. Plaintiff be ordered to pay the $405 filing fee in full should he wish to proceed in this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **December 15, 2023**          /s/ Erica P. Grosjean
                                           UNITED STATES MAGISTRATE JUDGE

4