UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIC MOODY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>STEVEN PAUL,<br><br>　　　　Defendant. | Case No. 1:23-cv-01541-KES-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO PROSECUTE, AND FAILURE TO COMPLY WITH A COURT ORDER<br><br>(ECF Nos. 1, 16).<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

　　　　Plaintiff Dominic Moody proceeds *pro se* in this civil rights action filed under 42 U.S.C. § 1983.[1] (ECF No. 1). The complaint alleges that Defendant Steven Paul, an oral surgeon employed by North Kern State Prison, cut Plaintiff's mouth during a dental procedure, Plaintiff swallowed "instrument particles," and Plaintiff's tooth has been deteriorating due to lack of treatment.

　　　　On August 12, 2024, the Court screened the complaint and concluded that Plaintiff failed to state any cognizable claims. (ECF No. 16). The Court gave Plaintiff thirty days to file an amended complaint or to notify the Court that he wanted to stand on his complaint. (*Id.* at 7). And the Court warned Plaintiff that "[f]ailure to comply with this order may result in the

---

[1] Although Plaintiff was incarcerated when he filed the complaint, it appears, based on his recently updated address, that he has been released from custody. (ECF No. 15). Additionally, the Court notes that Plaintiff has paid the filing fee in this case and thus he is not proceeding *in forma pauperis*.

1

1 | dismissal of this action." (*Id.*).

2 | The thirty-day deadline has passed, and Plaintiff has not filed an amended complaint or otherwise responded to the Court's order. Accordingly, for the reasons below, the Court will recommend that Plaintiff's case be dismissed, with prejudice, for failure to state a claim, failure to prosecute, and failure to comply with a court order.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or a portion of it, if the prisoner has raised claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

\\\

\\\

1  II.   SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff states that the events in the complaint occurred at North Kern State Prison.[2] (ECF No. 1, p. 2). Steven Paul is the sole Defendant in the complaint. Plaintiff asserts that Defendant Paul acted with deliberate indifference to his serious medical needs. Plaintiff says that he saw Defendant Paul for a dental procedure that "failed immensely" because he was left "with a deep laceration to [his] mouth, with instrument particles being swallowed." (*Id.* at 3). Further, "[a]s a result of this malpractice, [his] tooth has been deteriorating due to a lack of treatment," which prevents him "from engaging in normal activities." (*Id.*).

Plaintiff attaches various documents to his complaint. One document is a medical record that appears to provide an overview of the procedure at issue, stating there was a "small nick of palatal soft tissues with instrument during extraction to[o] small for suture." (*Id.* at 8). Another document, a headquarters' level response declining to intervene after Plaintiff filed a prison grievance, states as follows:

> On December 15, 2022, you were seen in dental clinic where the oral surgeon surgically extracted tooth #32 and accidentally nicked your soft palate. The cut was too small to be stitched and you were informed it would heal. The oral surgeon recommended a computed tomography scan to diagnose a lesion on your right mandible, but you refused.
>
> On December 20, 2023,[3] you were seen by the registered nurse concerning your compl[ai]nt of face, mouth, and cheek pain after your dental procedure on December 15, 2022. Notes indicate you were argumentative during the visit but had a healing wound inside the right cheek with no redness, great swelling, or drainage.
>
> On December 29, 2022, you were seen by the surgeon for a post-operative evaluation; notes indicate your surgical site was healing within normal limits. You reported uncontrolled pain and difficulty swallowing due to soreness. The dentist diagnosed a sore on the uvula; however, you were informed that it would resolve.
>
> On January 6, 2023, you were seen in the dental clinic for a post-operative evaluation. It was noted that your uvula was healing without any soreness. You had complaints of pain at tooth #19; the dentist recommended extraction, but

---

[2] For readability, minor alterations, like correcting misspellings, have been made to Plaintiff's quotations without indicating each change.

[3] The reference to "December 20, 2023" may have been intended to be "December 20, 2022," but this issue is not material for screening.

3

you refused treatment. The dentist noted the wound near tooth #32 was okay.

Your medication profile includes active orders for pain management.

Your dental condition will continue to be monitored with care provided in accordance with your Dental Priority Classification. If you have additional health care needs, you may access health care services by utilizing the approved processes in accordance with California Correctional Health Care Services policy.

(*Id.* at 12-13).

As for relief, Plaintiff seeks $100,000 in damages.

### III.   ANALYSIS OF PLAINTIFF'S COMPLAINT

#### A.   Section 1983

The Civil Rights Act under which this action was filed provides as follows:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection

4

1  may be established when an official sets in motion a 'series of acts by others which the actor
2  knows or reasonably should know would cause others to inflict' constitutional
3  harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of
4  causation "closely resembles the standard 'foreseeability' formulation of proximate cause."
5  *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City*
6  *of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

### B.    Deliberate Indifference

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). This requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the need was deliberately indifferent." *Id.* (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992)), *overruled on other grounds by WMX Technologies v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (*en banc*).

Deliberate indifference is established only where the defendant subjectively "knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (citation omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment

violation. *Farmer v. Brennan*, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. To establish a difference of opinion rising to the level of deliberate indifference, a "plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

With these standards in mind, Plaintiff alleges that Defendant Paul cut his mouth during a dental procedure and Plaintiff swallowed "instrument particles." He also says that his tooth "has been deteriorating due to a lack of treatment." However, these allegations are insufficient to state a claim for deliberate indifference.

Notably, there is nothing to indicate that the cut to Plaintiff's mouth and his swallowing "instrument particles" were caused by deliberate indifference, rather than, at most, negligence. In fact, Plaintiff himself refers to the incident as "malpractice," which is insufficient to state a § 1983 claim. Plaintiff does not allege that the procedure was done in such a way that Defendant Paul can be said to have known of and disregarded an excessive risk to Plaintiff's safety.

As for Plaintiff's complaint about his tooth deteriorating due to a lack of treatment, he provides no facts indicating that Defendant Paul has declined to treat his tooth or is otherwise responsible for him not receiving medical care.

Based on these circumstances, Plaintiff fails to state any claim for deliberate indifference against Defendant Paul.

\\\
\\\

## IV. FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS

The Court will likewise recommend dismissal based on Plaintiff's failure to prosecute this case and to comply with the Court's screening order.

> In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Therefore, the first factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. . . . It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants. . . ." *Id.* (citations omitted). Plaintiff has failed to respond to the Court's screening order. This failure to respond is delaying the case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to comply with a court order and to prosecute this case that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute this action and has failed to comply with the Court's order, despite being warned of possible dismissal, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's failure to respond to the Court's order, it appears that

monetary sanctions are of little use to prompt him to comply with future orders. And given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Therefore, the fourth factor weighs in favor of dismissal.

Finally, because public policy favors disposition on the merits, this final factor weighs against dismissal. *Id.*

After weighing the factors, the Court finds that dismissal is appropriate.

**V.     CONCLUSION AND RECOMMENDATIONS**

Based on the forgoing, IT IS RECOMMENDED as follows:

1. This action be dismissed, with prejudice, for failure to state a claim, failure to prosecute, and failure to comply with a court order; and

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **September 27, 2024**              /s/ Erica P. Grosjean
                                                              UNITED STATES MAGISTRATE JUDGE